```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
TERRENCE SMITH,

                Plaintiff,

     -against-                          MEMORANDUM AND ORDER
                                        11-CV-0632
DEMARCO, SUFFOLK COUNTY SHERIFF,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:      Terrence Smith Pro Se
                    # 428164
                    Riverhead Correctional Facility
                    110 Center Drive
                    Riverhead, NY 11901

For Defendant:      No Appearance
```

SEYBERT, District Judge:

Presently pending before the Court is the Complaint of incarcerated pro se plaintiff Terrence Smith ("Plaintiff") filed pursuant to 42 U.S.C. § 1983 ("Section 1983") together with an application to proceed in forma pauperis. The application to proceed in forma pauperis is GRANTED, but, for the reasons that follow, the Complaint is sua sponte DISMISSED WITHOUT PREJUDICE and with leave to file any valid claims Plaintiff may have in state court.

BACKGROUND

Plaintiff's sparse Complaint submitted on the Court's form alleges that his personal property was lost during his transfer from one unit to another while he was in the custody of the Suffolk County Sheriff's Office. (Compl. at ¶ IV). According

to the Complaint, on or about December 8, 2010, Plaintiff's "Gucci eyeglasses", "commisary/food [sic]", "clothes, books and magazines" with an alleged total value of $1,650 were lost. (Compl. at ¶ IV-V). Plaintiff seeks to recover this sum in compensatory damages. (Compl. at ¶ V). Although Plaintiff names the Suffolk County Sheriff, Vincent F. DeMarco, as the sole defendant, there are no allegations concerning any conduct by him.

## DISCUSSION

### I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

### II. Application of the Prison Litigation Reform Act

The 1996 Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A (a) & (b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28

U.S.C. § 1915A(a).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's pro se Complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). Moreover, at this stage of the proceeding, the Court assumes the truth of the allegations in the Complaint. See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

    A.   Section 1983

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983 (2000). To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a

3

person acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. County of Suffolk, No. 07-CV-2138 (RMM) (ARL), 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

In addition, in order to state a claim for relief under Section 1983, the plaintiff must allege the personal involvement of a defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 Fed. Appx. 199, 2010 WL 93110, at *1 (2d Cir. Jan. 12, 2010).

Here, Plaintiff has failed to allege any personal involvement of the Defendant in the loss of Plaintiff's property. Nor does Plaintiff allege the specific, federal right allegedly violated by the Defendant. However, given the nature of Plaintiff's allegations, the Court liberally construes his Complaint to allege a deprivation of property claim without due process under the Fourteenth Amendment. It is well-established

that a due process claim arising from a property deprivation is not cognizable under § 1983 if "'adequate state post-deprivation remedies are available.'" Davis v. State of New York, 311 Fed. Appx. 397, 400 (2d Cir. 1999) (quoting Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)). "'New York in fact affords an adequate post-deprivation remedy in the form of, inter alia, a Court of Claims action' pursuant to N.Y. Comp. Codes R. & Regs. tit. 7, § 1700.3(b)(4)." Davis, 311 Fed. Appx. at 400 (quoting Jackson v. Burke, 256 F.3d 93, 96 (2d Cir. 2001)); see also Koehl v. Dalsheim, 85 F.3d 86, 88 (2d Cir. 1996) (affirming district court's dismissal of inmate's Section 1983 claim because "the confiscation of [plaintiff's] eyeglasses did not constitute a Fourteenth Amendment violation for loss of property because of the availability of state court post-deprivation remedies"); Love v. Coughlin, 714 F.2d 207, 208-09 (2d Cir. 1983) (New York post-deprivation remedies adequate to preclude prisoner's due process claim for lost of personal property). Accordingly, the existence of this adequate post-deprivation state remedy would thus preclude Plaintiff's due process claim under 1983 even if he had properly alleged the personal involvement of the Defendant.

Accordingly, Plaintiff's claim is DISMISSED WITHOUT PREJUDICE and Plaintiff may pursue any valid claims he may have in state court.

## CONCLUSION

For the reasons set forth above, the Plaintiff's application to proceed in forma pauperis is GRANTED and the Complaint is sua sponte DISMISSED.

The agency holding Plaintiff in custody must calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York. The Warden or Superintendent shall not deduct more than twenty percent from the prisoner's trust fund account.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order, together with Plaintiff's authorization, to the Superintendent of the facility in which Plaintiff is incarcerated and to serve notice of entry of this Order in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the pro se Plaintiff at his last known address, see Fed. R. Civ. P. 5(b)(2)(c).

The Clerk of the Court is directed to close this case.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   February   23  , 2011
         Central Islip, New York